IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES JOSEPH WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br>Case No. 2:05-CV-01047 PGC |

On September 1, 2004, petitioner James Wilson pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).  The court sentenced him to 188 months in prison.

Mr. Wilson has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  He argues that 18 U.S.C. § 924(c) is unconstitutional because it gives prosecutors discretion in their charging decisions.  He also argues that it violates separation of powers to have the Executive Branch determine sentences via the crimes it charges. After carefully reviewing Mr. Wilson's motion and the applicable authorities, the court finds that "the motion and the files

and records of the case show that the prisoner is entitled to no relief."[1]  The court therefore DENIES Mr. Wilson's motion.

Wilson's first argument — that section 924(c) is unconstitutional because it gives prosecutors discretion — is without merit.  The Supreme Court has considered similar challenges to prosecutorial discretion and routinely denied them.[2]  The Supreme Court has also upheld section 924(c) against a challenge that it was unconstitutionally ambiguous.[3]

Wilson's other arguments — that it violates separation of powers to have the executive determine sentences — are essentially variations on the same theme.  To the extent that he challenges section 924(c), those arguments are rejected for the reasons given above.  To the extent that he challenges the Guidelines, those challenges were rejected in *Mistretta v. United States*.[4]

---

[1] 28 U.S.C. § 2255.

[2] *See, e.g.*, *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ("Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation.").

[3] *See Deal v. United States*, 508 U.S. 129, 137 (1993).

[4] 488 U.S. 361 (1989).

For all these reasons, Mr. Wilson's motion under 28 U.S.C. § 2255 (# 1) is DENIED. The clerk's office is directed to close the case.

DATED this 3rd day of January, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge